UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALENTIN GONZALEZ
HERNANDEZ,

    Petitioner,

v.                                              Case No.: 2:25-cv-01082-SPC-NPM

PAMELA BONDI *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Valentin Gonzalez Hernandez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Gonzalez Hernandez's reply (Doc. 7). For the below reasons, the Court grants the petition.

Gonzalez Hernandez is a native and citizen of Cuba. On October 7, 2021, he entered the United States, and the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") and released him on his own recognizance. DHS commenced removal proceedings by filing the NTA with the immigration court on November 18, 2024. The removal proceeding—which includes an application for asylum—remains pending, with a master hearing set for August 24, 2028. Gonzalez Hernandez has complied with all reporting

requirements, he has work authorization and a valid driver's license, and he has never been arrested or convicted of any crime.

On November 16, 2025, Gonzalez Hernandez presented himself at the ICE Miramar office in Miami, Florida. ICE took him into custody, transferred him to Alligator Alcatraz, and continues to detain him without a bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Gonzalez Hernandez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Gonzalez Hernandez asks the Court to order the respondents to either release him or provide a prompt bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Gonzalez Hernandez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Gonzalez Hernandez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby

**ORDERED**:

Valentin Gonzalez Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) On of before **December 20, 2025**, the respondents shall either (1) bring Gonzalez Hernandez for an individualized bond hearing before an immigration judge or (2) release Gonzalez Hernandez under reasonable conditions of supervision. If the respondents release Gonzalez Hernandez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1